IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **JANE DOE a.k.a "Lola"** § § § **Plaintiff,** § § **V.** § § **HECTOR RODRIGUEZ,** § **WEBB COUNTY, TEXAS,** § **WEBB COUNTY SHERIFF'S** § **OFFICE, SHERIFF MARTIN** § **CUELLAR** § § **Defendants.** § | **CIVIL ACTION NO. _____** *Jury Trial Demand Under Fed. R. Civ. P. 38(b)* |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jane Doe files this Complaint, and in support thereof, respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff Jane Doe, proceeding under a pseudonym, is an individual who resides in Webb County, Texas.

2. Defendant Hector Rodriguez ("Rodriguez") is a former Webb County Sheriff's Office deputy and jail officer. Rodriguez is being sued in his individual capacity. He may be served with service of process at 443 Deacon Ave., Laredo, Texas 78045.

3. Defendant Webb County is a political subdivision of the State of Texas. Defendant Webb County may be served by and through its County Judge, the Honorable Tano E. Tijerina, Webb County Court House, 1000 Houston St., Laredo, Texas 78040. At all relevant times Defendant was acting under the color of law.

4. Defendant Webb County Sheriff's Office is an entity of Webb County and may be

served by and through its County Attorney, the Honorable Marco A. Montemayor, 1110 Washington St., Ste. 301, Laredo, Texas 78040. At all relevant times Defendant was acting under the color of law.

5. Defendant Sheriff Martin Cuellar is an individual employed by Webb County and may be served by and through its County Attorney, the Honorable Marco A. Montemayor, 1110 Washington St., Ste. 301, Laredo, Texas 78040. At all relevant times Defendant was acting under the color of law.

## II. JURISDICTION

6. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1331, as it arises under the Constitution, laws, or treaties of the United States, as well as 42 U.S.C. §1983. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

## III. VENUE

7. Venue is proper in this Court under 28 U.S.C. §1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. FACTS

8. On or about January 19, 2022, while in detention at the Webb County Jail Plaintiff was under the supervision of Defendant Rodriguez when he sexually assaulted her while on duty.

9. On that day, Defendant Rodriguez was conducting security checks at or near cells 101 and 102 when he stopped to ask Plaintiff if she wanted some coffee. Defendant Rodriguez released Plaintiff from the cell and told her to wait in the passageway while he got the coffee. He then locked the cell and went down the hallway to his desk. When Defendant returned with the cup of coffee, he placed it on the floor by the door of cell 102. As Plaintiff turned and bent over to pick up the cup, Defendant Rodriguez forcefully grabbed her from behind, pulled down her pants

and began sexually assaulting her. Defendant unlawfully and forcefully held Plaintiff against her will and raped her until he pulled out and his semen fell onto the floor. The victim is roughly five feet tall, and Defendant Rodriguez is taller and heavyset. Rodriguez removed the victim from the cell without handcuffs and held her against a wall between the cells, which he knew was a blind spot for the video surveillance cameras. These actions, not only illegal but also against protocol, resulted in Rodriguez having the opportunity to rub the front of his exposed body up against Plaintiff's exposed back and buttocks. Other female detainees in the cell witnessed this incident take place and consoled Plaintiff after she was returned to her cell.

10. Plaintiff could not object to the officer's actions and feared for her safety. Despite Plaintiff's feared that Defendant Rodriguez would retaliate against her, she promptly reported the incident to PREA (Prison Rape Elimination Act).

11. Notably, Defendant Rodriguez was under investigation from at least one other instance of sexual misconduct when he resigned. According to records obtained from Webb County Jail, supervisors were investigating claims from at least one other female inmate that Rodriguez sexually assaulted on DATE. Prior to the outcome of that investigation, he committed the second assault on Plaintiff. Rodriguez continued to work for Webb County Sheriff's Office, after no further investigation was launched into his misconduct. Upon information and belief, the Webb County Sheriff's Office failed to take any action to investigate Defendant Rodriguez's sexual misconduct and he was allowed to resign from his position.

12. Defendants Webb County and the Webb County Sheriff's Office failed to protect Plaintiff, and other female inmates, from the unwanted assault by Defendant Rodriguez's orany of its detainees by its failure to train or supervise the jailer on respecting female inmates to prevent incidents of sexual assault from occurring. Defendant Webb County also failed to adequately

screen potential hires or conduct background checks to ensure the safety of inmates.

13. Upon information and belief, special arrangements were made by Defendant Rodriguez to place Plaintiff in a position which gave rise to this complaint. Alternatively, Defendants ignored their own policies and procedures regarding having an officer conduct cell visits of the sort that allowed him to perpetuate these crimes. Defendant Rodriguez, as well as Defendant Webb County, wholly failed to ensure national standard jail policies were adhered to and failed to provide any safeguards to prevent incidents of sexual assault and harm against inmates. Specifically, Defendants did not require at least two officers to be present during all cell inspections and or visits, to properly inspect video surveillance equipment to ensure no blind spots were overlooked; did not require at least one female officer to be present during female inmate rounds; nor did Defendants require safeguards such as body cameras or communications with other officers or supervisors, to ensure officers upheld their duties as prescribed by law.

14. In addition to those reasons stated above, Defendants negligently failed to protect Plaintiff, and other female inmates, from the unwanted assault(s) by Defendant Rodriguez despite the knowledge of previous sexually inappropriate behavior, and in spite of common national jail standards of requiring at least two officers during any transport of inmates for officer safety. Any reasonable officer in Defendant Sheriff Martin Cuellar's position would have known that Defendant Rodriguez needed to be more closely supervised in light of the previous investigation of sexually assaulting a female inmate.

15. At all times material to this Complaint, Defendant Rodriguez and Defendant Webb County acted under the color of the laws, statutes, customs, ordinances, and usage of the State of Texas and Webb County, Texas.

16. Defendants Webb County and the Webb County Sheriff's Office failed to protect

Plaintiff, and other female inmates, from the unwanted assault(s) by Defendant Rodriguez orany of its detainees by its failure to train or supervise the oversight of female inmates to prevent incidents of sexual assault from occurring. Defendant Webb County also failed to adequately screen potential hires or conduct background checks to ensure the safety of inmates. Defendant Webb County Sheriff's Office further failed to investigate, warn of, or provide any safeguards against sexual misconduct and perpetrators of same being passed through the Sheriff's offices of this state. Moreover, Defendants were indifferent to Plaintiff's rights as they allowed Rodriguez unsupervised access to female inmates with actual knowledge of a previous sexual assault claim. Defendants' failures led directly to Plaintiff's assault and caused her physical pain and injury as well as emotional and mental anguish and trauma.

## V. CAUSES OF ACTION

### COUNT 1: 42 U.S.C. §1983 – FAILURE TO TRAIN OR SUPERVISE
(Against Defendant WEBB COUNTY)

17. Paragraphs 1-18 set forth above are incorporated herein by reference.

18. At the time of the incidents described above, Defendant Webb County including its jailors, staff, and warden, was acting under the color of laws and regulations of the State of Texas and Webb County, on behalf of the Webb County Sheriff's Office, and within the scope of their employment with Defendant Webb County.

19. The constitutional violations in this case were the direct result of inadequate training and supervision of Webb County.

20. Defendant Webb County failed to provide the adequate supervision and training to its jailors at the Webb County Jail that would have alerted its employees not to release Plaintiff, and the other women harmed by Defendant Rodriguez, to a single, male officer, especially during oversight of female inmates, on a recurring basis for nearly a year. Webb County failed to provide

training and supervision to its jailors that, in reasonable probability, would have prevented the Plaintiff, and others, from being sexually assaulted. Specifically, Defendants Webb County and the Webb County Sheriff's Office, knowing that Defendant Rodriguez was under investigation for a prior sexual assault of an inmate, failed to implement any policy, protocol, or supervision to prevent Rodriguez from lone access to female inmates.

21. The above-described failure to train and supervise Defendant Webb County's employees was a direct cause, and moving force, of the constitutional deprivations suffered by Plaintiff, which led to her sexual assault.

22. As a direct result of these acts, Plaintiff has suffered severe physical, mental, and emotional injuries and has been deprived of her constitutional rights, resulting in her damages.

23. As a direct and/or proximate result of Defendants' actions and/or inactions, Plaintiff suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical trauma, mental anguish and despair which Defendants' conduct caused.

### COUNT 2: 42 U.S.C. §1983 – FAILURE TO TRAIN OR SUPERVISE
### (Against Defendant WEBB COUNTY)

24. Paragraphs 1-25 set forth above are incorporated herein by reference.

25. At the time of the incidents described above, Defendant Rodriguez was acting under the color of laws and regulations of the State of Texas and the Webb County Sheriff's Office and within the scope of his employment with Defendant Webb County.

26. During all relevant times, the Webb County Sheriff's Office was the county's final policymaker regarding the conduct of its deputies and had actual or constructive knowledge of the inadequate supervision and training that, in reasonable probability, caused the incidents that forms the basis of this lawsuit. Additionally, the constitutional violations in this case were the direct result of inadequate supervision and inadequate training of Defendant Rodriguez, a jail deputy. Upon information and belief, Defendant Rodriguez made "special arrangements" with other officers and supervisors, so that he would be the sole officer monitoring female inmates during lengthy periods of time. Defendant Webb County via Defendant Rodriguez's direct supervisor knew or should have known of Rodriguez's assignments including which inmates were being overseen, the blind spot locations, approximate duration of time needed, officers assigned to the unit, and any alterations in their schedules. Defendant Webb County purposefully or recklessly ignored Defendant Rodriguez's pattern as the sole, male jail officer for female inmates in violation of jail policies on a recurring basis and entirely failed to provide the adequate supervision or training that, in reasonable probability, would have prevented the Plaintiff from being sexually assaulted. Defendants Webb County and the Webb County Sheriff's Office possessed actual knowledge of alleged sexual misconduct by Rodriguez and failed to implement any measure to prevent further such conduct pending investigation.

27. More specifically, Defendants Rodriguez and Webb County did not require at least two officers to be present during all inmate inspections, especially those of considerable duration and length; did not require at least one female officer to be present during female inmate oversight; nor did he or Defendant Webb County require safeguards such as video cameras within view of potential blind spots in common areas, or communications with other officers or supervisors, to ensure officers upheld their duties as prescribed by law.

28. The above-described failure to train and supervise Defendant Rodriguez was a direct cause, and moving force, of the constitutional deprivations suffered by Plaintiff, which led to her sexual assault.

29. As a direct result of these acts, Plaintiff has suffered severe physical and permanent emotional injuries in addition to being deprived of her constitutional rights.

30. As a direct and/or proximate result of Defendants' actions and/or inactions, Plaintiff suffered and continues to suffer physical trauma, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical injuries, mental anguish and despair which Defendants' conduct caused.

### COUNT 3: 42 U.S.C. §1983 – UNREASONABLE SEIZURE, SUBSTANTIVE DUE PROCESS, AND ABUSE OF POWER
**(Against All Defendants)**

31. Paragraphs 1-32 set forth above are incorporated herein by reference.

32. As a result of Defendant Rodriguez's malicious physical abuse, unconscionable and egregious abuse of power, and sexual assault as set forth above, Defendants deprived Plaintiff of her constitutional rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

33. The sexual assault against Plaintiff was an unreasonable physical seizure of Plaintiff under the Fourth Amendment of the United States Constitution. In the alternative, the assault by Defendant Rodriguez was a violation of Plaintiff's due process rights protected by the Fourteenth Amendment of the United States Constitution by violating her rights to bodily integrity.

34. As a direct result of Defendant Rodriguez's illegal, malicious, willful, and deliberately indifferent conduct, Plaintiff suffered physical and mental/emotional injuries and was further deprived of her constitutional rights, all to her damage.

35. As a direct and/or proximate result of Defendants' actions and/or inactions, Plaintiff suffered and continues to suffer physical injury, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair as well as physical injuries which Defendants' conduct caused.

### COUNT 4: 42 U.S.C. §1983 – VIOLATION OF BODILY INTEGRITY
### (Against All Defendants)

36. Paragraphs 1-37 set forth above are incorporated herein by reference.

37. Plaintiff, as a female, is a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

38. Plaintiff also enjoys the constitutionally protected Due Process rights guaranteed by the Fourteenth Amendment to be free from invasion of bodily integrity through sexual assault, abuse, or molestation.

39. At all relevant times, Defendants were acting under color of federal and/or state law.

40. The acts by Defendants as alleged herein amount to a violation of these clearly established constitutionally protected rights, of which reasonable persons in the Defendants' positions should have known.

41. At all relevant times, Defendants had the ultimate responsibility and authority to

train and supervise their employees, subordinates, agents, members, and/or representatives in the appropriate manner of detecting, reporting, and preventing sexual abuse, assault, and molestation and as a matter of acts, custom, policy, and/or practice, failed to do so with deliberate indifference.

42. Defendants are personally liable to Plaintiff because they sanctioned, directed or actively participated in the commission of the wrongful conduct which injured Plaintiff. Specifically, Defendants had actual knowledge that Defendant Rodriguez was under investigation for the sexual assault of another female inmate at the time that they allowed Rodriguez lone and unsupervised access to other female inmates.

43. As a matter of custom, policy, and and/or practice, the Defendants had and have the ultimate responsibility and authority to investigate complaints against their employees, subordinates, and representatives from all individuals, and failed to do so with deliberate indifference to the constitutional rights of Plaintiff.

44. At all relevant times, Defendants had a duty to prevent sexual assault, abuse, and molestation on their premises, that duty arising under the above-referenced constitutional rights.

45. Defendant Webb County and Defendant Webb County Sheriff's Office at all relevant times had an unconstitutional custom, practice, and/or policy of failing to address complaints of sexual harassment by Defendant Rodriguez, including sexual violence in a prompt and equitable manner which caused and contributed to a continuation of the sexually hostile environment. Defendants Webb County and Webb County Sheriff's Office knowingly allowed Rodriguez lone and unsupervised access to female inmates despite being placed on notice that he posed a substantial risk of serious harm to female inmates.

46. By failing to prevent the above-mentioned sexual assault, abuse, and molestation upon Plaintiff, and by failing to appropriately respond to reports of Defendant Rodriguez's prior

sexual assault, abuse, and molestation in a manner that was so clearly unreasonable it amounted to deliberate indifference and all Defendants are liable to Plaintiff pursuant to 42 U.S.C. 1983.

47. The Defendants' conduct and failures to act are unconscionable and further deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

48. The Defendants authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline Rodriguez, resulting in his violating the rights of persons such as Plaintiff with impunity.

49. The constitutional right alleged in this Count was clearly established and Defendants knew or should have known that their conduct violated this constitutional right.

50. As a direct and/or proximate result of Defendants' actions and/or inactions, Plaintiff suffered, among other things, physical trauma, humiliation, degradation, intimidation, confusion, and emotional distress.

51. As a direct result of Defendants' illegal, malicious, willful, and deliberately indifferent conduct, Plaintiff suffered physical and mental/emotional injuries and was deprived of her constitutional rights, all to her damage.

52. As a direct and/or proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer physical injury, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical trauma, mental anguish and despair which Defendants' conduct caused.

## COUNT 5: NEGLIGENT SUPERVISION
### (Against Defendant WEBB COUNTY)

53. Paragraphs 1-54 set forth above are incorporated herein by reference.

54. Defendant Webb County had a duty to provide reasonable supervision of its employee, agent, and/or representative, Rodriguez while he was in the course of his employment, agency and/or representative of Webb County and while he interacted with female prisoners including Plaintiff.

55. It was reasonably foreseeable given the known sexual abuse in prisons in particular that Rodriguez, who had prior allegations against him, would sexually abuse female prisoners, including Plaintiff, unless properly supervised.

56. Defendant knew or reasonably should have known of Rodriguez's conduct and/or that Rodriguez was an unfit employee, agent, and/or representative because of his prior misconduct of which Defendant was placed on notice.

57. Defendant breached its duty to provide reasonable supervision of Rodriguez, and its failure permitted Rodriguez, who was in a position of trust and authority, to commit the acts against Plaintiff as set forth herein.

58. The sexual abuse occurred while Rodriguez was acting in the course of his employment, agency and/or representation of Webb County.

59. Defendant Webb County tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel or discipline Rodriguez, with the result that Rodriguez could violate the rights of persons such as Plaintiff with impunity.

60. Defendant Webb County is liable to Plaintiff because it sanctioned, directed or actively participated in the commission of the wrongful conduct which injured Plaintiff.

Specifically, Defendant had actual knowledge that Rodriguez was under investigation for the sexual assault of another female inmate at the time that they allowed Rodriguez lone and unsupervised access to other female inmates.

61. As a direct and/or proximate result of Defendants' negligent supervision, Plaintiff suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the trauma, mental anguish and despair which Defendants' conduct caused.

## COUNT 6: NEGLIGENT FAILURE TO WARN OR PROTECT
(Against Defendants WEBB COUNTY and WEBB COUNTY SHERIFF'S OFFICE)

62. Paragraphs 1-63 set forth above are incorporated herein by reference.

63. Given the direct or indirect knowledge of sexual abuse by Defendant Rodriguez and in prisons generally, it was reasonably foreseeable that sexual abuse may occur if proper procedures were not taken by Defendants.

64. Defendants knew or should have known that Rodriguez posed a substantial risk of harm to Plaintiff or those in Plaintiff's situation.

65. Defendants had direct and/or constructive knowledge as to the dangerous conduct of Rodriguez and failed to act reasonably and responsibly in response.

66. Defendants knew or should have known that Rodriguez previously committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

67. Defendants had a duty to warn or protect the Plaintiff and others in Plaintiff's

situation against the risk of injury by Rodriguez.

68. The duty to disclose this information arose from the special, trusting, confidential, and fiduciary relationship between Rodriguez in his capacity as employee, agent, member, and/or representative of Defendants.

69. Defendants breached said duty by failing to warn Plaintiff and/or by failing to take reasonable steps to protect the Plaintiff from Rodriguez.

70. Defendants failed to warn Plaintiff about prior complaints regarding Rodriguez.

71. Defendants breached their duties to protect Plaintiff by failing to detect and/or uncover evidence of sexual abuse and sexual assault, investigate Rodriguez, adjudicate and suspend and/or terminate Rodriguez.

72. Defendants willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiff from Rodriguez's conduct of which they had notice.

73. As a direct and/or proximate result of Defendants' negligent failure to warn or protect, Plaintiff suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical injuries, mental anguish and despair which Defendants' conduct caused.

### COUNT 7: NEGLIGENT FAILURE TO TRAIN OR EDUCATE
### (Against Defendant WEBB COUNTY)

74. Paragraphs 1-75 set forth above are incorporated herein by reference.

75. Defendant breached its duty to take reasonable protective measures to protect the

Plaintiff and other individuals from the risk of abuse by Rodriguez.

76. Defendant failed to implement reasonable safeguards to: (a) Prevent acts of sexual assault, abuse, and molestation by Rodriguez; and (b) Avoid placing Rodriguez in positions where he would have unsupervised contact and interaction with Plaintiff and other female prisoners.

77. Defendant failed to train or educate their members regarding the foreseeability and danger of sexual abuse by single jail officers, including Rodriguez.

78. Defendant is personally liable to Plaintiff because it sanctioned, directed or actively participated in the commission of the wrongful conduct which injured Plaintiff. Specifically, Defendant had actual knowledge that Rodriguez was under investigation for the sexual assault of another female inmate at the time that they allowed Rodriguez lone and unsupervised access to other female inmates.

79. As a direct and/or proximate result of Defendant's negligent failure to train or educate, Plaintiff suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization toaddress the physical injuries, mental anguish and despair which Defendant's conduct caused.

### COUNT 8: NEGLIGENT RETENTION
### (Against Defendant WEBB COUNTY)

80. Paragraphs 1-81 set forth above are incorporated herein by reference.

81. Defendant had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents and/or representatives to exercise due

care, but they failed to do so.

82. Defendant was negligent in the retention of Rodriguez as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

83. Defendant was negligent in the retention of Rodriguez when after they discovered, or reasonably should have discovered Rodriguez's conduct which reflected a propensity for sexual misconduct.

84. Defendant's failure to act in accordance with the standard of care resulted in Rodriguez gaining access to and sexually abusing and/or sexually assaulting Plaintiff.

85. The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Rodriguez created a foreseeable risk of harm to Plaintiff as well as other female prisoners.

86. As a direct and/or proximate result of Defendant's negligent retention, Plaintiff suffered and continues to suffer physical injury, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, and has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical injury, mental anguish and despair which Defendant's conduct caused.

### COUNT 9: NEGLIGENT INFLECTION OF EMOTIONAL DISTRESS
**(Against All Defendants)**

87. Paragraphs 1-86 set forth above are incorporated herein by reference.

88. Defendants allowed Rodriguez to be in a position where he could sexually assault

and/or abuse women such as Plaintiff.

89. A reasonable person would not expect Defendants to tolerate or permit their employee, agent, member, or representative to carry out sexual assault, abuse, or molestation.

90. Defendants' conduct as described above was reckless and outside the bounds of civilized society as Defendants had actual knowledge of and were on notice of previous complaints of sexual misconduct by inmates against Rodriguez.

91. As a direct and/or proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer physical injury, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical injury, mental anguish and despair which Defendants' conduct caused.

## COUNT 10: VICARIOUS LIABILITY
**(Against Defendants WEBB COUNTY and WEBB COUNTY SHERIFF'S OFFICE)**

92. Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

93. Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so.

94. Vicarious liability essentially creates an agency between the principal and its agent, sothat the principal is held to have done what the agent has done.

95. Rodriguez was an employee, agent, member, representative and/or servant of

Defendant Webb County and/or the Webb County Sheriff's Office or was under their complete control or active supervision at all relevant times alleged above.

96. Defendant Webb County is vicariously liable for the actions of Rodriguez as described above that were performed during his employment, representation, or agency with Webb County and while he had unfettered access to Webb County inmates such as Plaintiff. Defendant Webb County Sheriff's Office is vicariously liable for the actions of Rodriguez as described above that were performed during his representation, membership, or agency with the Webb County Sheriff's Office and while he had unfettered access to inmates such as Plaintiff.

97. As a direct and/or proximate cause of Rodriguez's negligence carried out in the course of his employment, agency, and/or representation with Defendant Webb County and Defendant Webb County Sheriff's Office, Plaintiff suffered and continues to suffer physical injury, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical injury, mental anguish and despair which Defendants' conduct caused.

### COUNT 11: COLLUSION
### (Against All Defendants)

98. Paragraphs 1-97 set forth above are incorporated herein by reference.

99. The commission of the above-described acts, both undertaken by Defendant Rodriguez and known of by the Defendants Webb County, Webb County Sheriff's Office, and Sheriff Martin Cuellar, amount to collusion under state and federal law. Such acts legally amounted to a deceitful agreement or compact between two or more persons, which aptly characterizes the conduct within this matter, in tandem with the lack of any disciplinary or

corrective measures by the Defendants. As such, these untoward actions, and non-action, are imputed to each Defendant.

### COUNT 12: STATE LAW CLAIM – NEGLIGENCE
### (Against All Defendants)

100. Paragraphs 1-99 set forth above are incorporated herein by reference.

101. Defendant Webb County, as custodian of Plaintiff during her incarceration, owed Plaintiff a duty to prevent her from unwanted sexual advances and sexual assaults. Defendant Webb County should not have allowed its transport officer, Defendant Rodriguez, to conduct lone transport as he did. Instead, Defendant Webb County violated national jail standards regarding the transport of female inmates by releasing Plaintiff to Defendant Rodriguez's sole custody. Defendant Webb County thus breached its duty to prevent Plaintiff from being assaulted and/or sexually assaulted.

102. Defendants' negligence was the direct and proximate cause of Plaintiff's injuries, including severe physical injury, emotional, and mental distress and anguish.

### VI. DAMAGES

104. Paragraphs 1-103 as set forth above are incorporated herein by reference.

105. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been damaged as set forth above and herein.

106. Plaintiff seeks all past and future damages as a result of the physical pain and injury to her person and the emotional and mental anguish and trauma she has suffered.

107. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate her for her damages, which includes physical injuries, mental anguish, and pain and suffering.

108. Plaintiff also seeks exemplary damages against Defendants.

109. Plaintiff has retained the services of the undersigned attorney and claim entitlements to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## VII.   JURY DEMAND

110. Plaintiff respectfully requests trial by jury.

## VIII.   PRAYER

For these reasons, Plaintiff seeks a judgment against Defendants for:

a. compensatory and actual damages in an amount deemed sufficient by the trier of fact.

b. exemplary damages;

c. attorney's fees under 42 U.S.C §§ 1983 and 1988;

d. costs of court;

e. interest allowed by law for prejudgment or post-judgment interest; and

f. Such other and further relief at law or in equity as the Court deems just andproper to which Plaintiff may show herself justly entitled.

Dated: April 6, 2023            Respectfully submitted,

By: RUIZ LAW FIRM, PLLC

ADALBERTO RUIZ
FBN: 2925292
TSBN: 24071767
3718 E. Broadway Street
Pearland, Texas 77581
Tel: (713) 744-8650
Fax: (832) 408-8540
Email: alberto@ruizlawyer.com
ATTORNEY FOR PLAINTIFF