United States District Court
Southern District of Texas
**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JANE DOE A/K/A LOLA,** | § § § | |
| Plaintiff, | § § | |
| V. | § § | **CIVIL ACTION NO. 5:23-CV-40** |
| **HECTOR RODRIGUEZ,** *et al.*, | § § § | |
| Defendants. | § | |

## FIRST AMENDED SCHEDULING ORDER

During a status conference held on December 13, 2023, the Court granted the parties' oral joint motion to modify the Scheduling Order, (Dkt. No. 21). (*See* Min. Entry Dec. 13, 2023). Pursuant to Federal Rule of Civil Procedure 16(b), the Court now enters this First Amended Scheduling Order.

| PRETRIAL EVENT | DEADLINE |
|---|---|
| Deadline to Designate Expert Witnesses[1] | Plaintiff: January 31, 2024 |
| | Defendant: March 4, 2024 |
| Deadline to Amend the Pleadings (with consent of all parties or leave of Court) | Plaintiff: March 18, 2024 |
| | Defendant: April 1, 2024 |

---

[1] The parties shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Federal Rule of Civil Procedure 26(a)(2) by these deadlines. The parties must file their lists of proposed expert witnesses with the Court by the designation deadline but should **NOT** file reports or other discovery materials.

| | |
|---|---|
| Deadline to Complete All Discovery, including depositions of expert witnesses[2] | May 20, 2024 |
| Deadline for Parties to Conduct Mediation[3] | June 17, 2024 |
| Deadline to File Motions to Exclude or Limit Expert Testimony | Motions must be filed by the later of (1) 30 days from receipt of the written report of the expert's opinions or (2) 30 days from the expert's deposition. Notwithstanding the foregoing, such motions must be filed no later than the dispositive motions deadline, below.[4] |
| Deadline to File Dispositive Motions | July 15, 2024 |
| **TRACK A –  *If* No Dispositive Motions are Filed:** | |
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | July 29, 2024 |
| **TRACK B — *If* Dispositive Motions are Filed:** | |
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | October 14, 2024 |

Additionally, the Court **SETS** a telephonic status conference for **April 9, 2024, at 9:00 a.m.** At the status conference, the parties shall be prepared to discuss all matters set forth in Fed. R. Civ. P. 16(c)(2), including but not limited to: (1) the status of the case, (2) the status of settlement negotiations, including the last demand and offer exchanged between the parties, and (3) setting additional deadlines. The Plaintiff shall initiate a

---

[2] A party must serve its written discovery requests in sufficient time for the responding party to serve its responses before this deadline.

[3] The parties are ordered to participate in mediation by the specified deadline. If the parties wish to engage in some other form of alternative dispute resolution, they may file a motion with the Court seeking leave to do so.

[4] The failure to strictly comply with this deadline will constitute a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.

conference call with all parties, and then place a call to the Court at (956) 790-1757, after all parties have been connected to the phone call.[5]

This Scheduling Order shall not be modified except by leave of Court upon a showing of good cause and shall be binding on all parties. Fed. R. Civ. P. 16(b)(4). All other deadlines, which are not specifically set forth in this Scheduling Order, will be governed by the Federal Rules of Civil Procedure.

It is so **ORDERED**.

**SIGNED** on December 13, 2023.

*[signature]*
John A. Kazen
United States Magistrate Judge

---

[5] When deemed appropriate, the Court holds telephonic hearings primarily for the convenience of the attorneys. It is each attorney's obligation to insure they have a clear telephone connection and that they can communicate clearly with the Court during the hearing. To this end, each attorney should endeavor to be on a landline telephone and not a cellular telephone. If any attorney has a poor telephone connection that interferes with the Court's ability to conduct the hearing, the Court may recess the hearing and order the attorney with the poor telephone connection to attend the hearing in person at a future date.