United States District Court
Southern District of Texas
**ENTERED**
April 12, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| JANE DOE A/K/A LOLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:23-CV-40 |
| | § | |
| HECTOR RODRIGUEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment and Memorandum of Law on Damages. (Dkt. No. 24). Plaintiff initiated a lawsuit against Defendants Hector Rodriguez, Webb County, Texas, the Webb County Sheriff's Office, and Sheriff Martin Cuellar, seeking damages from a sexual assault that occurred while she was detained at the Webb County Jail. (Dkt. No. 2 at 1–2).

On July 6, 2023, Plaintiff sought an entry of default against Defendant Rodriguez because he failed to appear after proper service pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. No. 16). On July 11, 2023, the Clerk of Court entered default against Defendant Rodriguez. (Dkt. No. 17). Plaintiff filed her Motion for Default Judgment on September 18, 2023. (Dkt. No. 24). For the reasons that follow, the Court grants, in part, and denies, in part, Plaintiff's Motion for Default Judgment, but defers a ruling on damages at this time.[1]

## I. BACKGROUND

Plaintiff pled the following facts in her complaint, which the Court accepts as true. *See Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. 1998))

---

[1] At a status conference held on December 13, 2023, the Court informed Plaintiff's counsel that it intended to enter a ruling as to liability issues raised in the motion for default judgment but would defer a ruling on damages, pending the case's disposition as to the other Defendants. (Min. Entry Dec. 13, 2023).

("Where, as here, a default has been entered by the Clerk pursuant to Federal Rule of Civil Procedure 55(a), the factual allegations of the complaint are taken as true.").

On January 19, 2022, Plaintiff was detained at the Webb County Jail in Laredo, Texas, pending a court appearance on a misdemeanor criminal charge. (Dkt. Nos. 2 at 2, 24 at 8). Defendant Rodriguez was conducting security checks near cells 101 and 102, a known blind-spot from surveillance cameras. (Dkt. No. 2 at 2, 3). Defendant Rodriguez released Plaintiff from her cell and told her to wait in the passageway while he left to retrieve a cup of coffee. (*Id.* at 2). He returned and placed the cup on the floor in front of cell 102. (*Ibid.*). As Plaintiff bent over to pick up the cup of coffee, Defendant Rodriguez forcefully grabbed her from behind, pulled her pants down, and raped her. (*Id.* at 2–3). Plaintiff states that other female detainees in the cell witnessed the incident and consoled Plaintiff after she was returned to her cell. (*Id.* at 3).

Plaintiff reported the incident pursuant to the Prison Rape Elimination Act. (*Ibid.*). Defendant Rodriguez was already under investigation for the sexual assault of another inmate. (*Ibid.*). Ultimately, Defendant Rodriguez resigned from his job with the Webb County Sheriff's Office. (*Ibid.*).

Plaintiff sued Rodriguez, as well as Webb County, Texas, the Webb County Sheriff's office[2], and Sheriff Martin Cuellar, alleging violations of 42 U.S.C. § 1983 and various negligence causes of action. (*See* Dkt. No. 2 at 5). Specifically, Plaintiff brings the following causes of action against Defendant Rodriguez: (1) Unreasonable seizure, substantive due process violation, and abuse of power, actionable under 42 U.S.C. § 1983; (2) violation of bodily integrity as guaranteed by the Fourteenth Amendment's Due Process Clause, actionable under 42 U.S.C. § 1983; (3) negligent infliction of emotional distress; (4) collusion; and (5) negligence under Texas law.

Plaintiff seeks compensatory and punitive damages against Defendant Rodriguez "for the physical and psychological injuries she suffered and continues to suffer, as well as for her economic losses." (Dkt. No. 24 at 7). Plaintiff asserts that the Court may award punitive damages depending on Defendant Rodriguez's "highly culpable state of mind," and his financial circumstances. (*Id.* at 11). She alleges that she is entitled to $100,000

---

[2] Defendant Webb County Sheriff's Office was terminated from the case on June 26, 2023. (Dkt. No. 13).

in total compensatory damages. (*Id.* at 15). "This number is comprised of $25,000 in loss of income and $25,000 in lost earning capacity." (*Ibid.*). Plaintiff also seeks $50,000 in non-pecuniary damages to compensate her pain and suffering. (*Id.* at 13–14). Plaintiff does not object to the Court deferring a ruling on damages at this time. (*See* Min. Entry Dec. 13, 2023).

## II.     LEGAL STANDARDS

If a defendant fails to plead or otherwise defend against claims brought against him, the plaintiff may seek entry of a default judgment. *See* FED. R. CIV. P. 55. Obtaining a default judgment is a three-step process. First, the defendant defaults when he fails to plead or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Second, once the defendant's default is established via affidavit or otherwise, the clerk must enter default. *Ibid.* Finally, after the clerk enters default, the plaintiff may apply for a judgment based on such default. *Ibid.*

Default judgments are a drastic remedy resorted to by courts only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). The Court will not grant default judgment automatically or as a matter of right, even if a defendant is technically in default. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The Court has discretion in determining whether to grant a default judgment. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted).

In determining whether to enter a default judgment, the Court weighs the following factors: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was the result of a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be inclined to set aside the default on the defendant's motion (hereinafter "the *Lindsey* factors"). *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, the Court must "assess the merits of the plaintiff's claims and find a sufficient basis in the pleadings for the judgment." *J & J Sports Prods., Inc. v. Guerrero*, No. 5:17-CV-92, 2018 WL 375391, at *1 (S.D. Tex. Jan. 11, 2018) (citing *Nishimatsu*

*Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A court will accept claims that "satisfy the low threshold of [Federal Rule of Civil Procedure] 8" as sufficient. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The purpose of this requirement is 'to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Const. Co.*, 515 F.2d at 1206 (citing *Thomson v. Wooster*, 114 U.S. 104, 119 (1885)).

Finally, if Plaintiff's claims are meritorious and the factors weigh in favor of an entry of default judgment, the Court must determine whether Plaintiff's requested relief is proper. *See* FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed on amount, what is demanded in the pleadings."). "If the court determines that default judgment should be granted, the court must also determine the appropriate amount of damages." *People's United Equip. Fin. Corp. v. N. Yankee, LLC*, No. H-17-3528, 2018 WL 4334056, at *2 (S.D. Tex. June 6, 2018). Generally, damages should not be awarded without an evidentiary hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.   DISCUSSION

#### A. The Appropriateness of Default Judgment

The Court finds that the six *Lindsey* factors, outlined above, weigh in favor of granting default judgment. First, there are no material issues of fact in dispute as Defendant Rodriguez has failed to file any responsive pleadings in this case. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Second, there is substantial prejudice to Plaintiff's interest in pursuing her rights resulting from Defendant Rodriguez's failure to respond. *See Insurance Co. of the West v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *1 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893) ("[Defendant's] failure to respond threatens to bring the adversary process to a halt, effectively

prejudicing Plaintiff's interests."). Third, the grounds for default have been clearly established due to Defendant Rodriguez's failure to answer or defend. *See J & J Sports Prods., Inc.*, 2018 WL 375391 at *2. Fourth, there is no evidence before the Court indicating that Defendant Rodriguez's silence is the result of a good-faith mistake or excusable neglect. *See ibid.* (citing *Lindsey*, 161 F.3d at 893). Fifth, "the harshness of default judgment is mitigated as time passes without an appearance or filing from an opposing party," which has been roughly eleven months in this case.[3] *Ibid.* ("[T]he harshness of default judgment was mitigated where 15 months had passed without the defendant making an appearance of filing in the case."). Sixth, the Court is unaware of any facts that would give rise to good cause to set aside the default if challenged by Defendant Rodriguez. *See ibid.* Because Defendant Rodriguez was properly served in this action and failed to answer or otherwise defend himself, the grounds for judgment are clearly established. Thus, the Court finds that entry of default judgment is appropriate based on the six *Lindsey* factors.

### B. The Basis for Judgment in the Pleadings

Next, the Court must assess the relative merits of Plaintiff's claims and determine whether she is entitled to relief. *Doe v. d'Arros*, No. 6:21-cv-00430, 2024 WL 217849, at *9 (W.D. La. Jan. 19, 2024) (citing *Nishimatsu*, 515 F.2d at 1206). "The pleading must present more than an unadorned, 'the-defendant-unlawfully-harmed-me accusation,' but detailed factual allegations are not required." *Pathway Senior Living LLC*, 2016 WL 1059536, at *2 (quoting *Wooten*, 788 F.3d at 497). This "low threshold" is less rigorous than that under Federal Rule of Civil Procedure 12(b)(6). *Ibid.* The Court may enter a default judgment only when there is a sufficient basis in the pleadings. *Nishimatsu*, 515 F.2d at 1206. Each of Plaintiff's claims against Defendant Rodriguez are addressed in turn.

#### 1. 42 U.S.C. § 1983 Unreasonable Seizure, Substantive Due Process, and Abuse of Power

Plaintiff alleges that "[a]s a result of Defendant Rodriguez's malicious physical abuse, unconscionable and egregious abuse of power, and sexual assault as set forth

---

[3] Plaintiff served Defendant Rodriguez on May 1, 2023. (Dkt. No. 10). His answer was due on May 22, 2023.

above, Defendants deprived Plaintiff of her constitutional rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983." (Dkt. No. 2 at 8). In the alternative, Plaintiff asserts that the sexual assault by Defendant Rodriguez "was a violation of Plaintiff's due process rights protected by the Fourteenth Amendment of the United States Constitution by violating her rights to bodily integrity." (*Ibid.*).

The Fourth Amendment protects the right to be secure from unreasonable seizures. U.S. CONST. amend. IV. A person is seized by the police and thus entitled to challenge the government's actions under the Fourth Amendment when the officer, "by means of physical force or show of authority, terminates or restrains h[er] freedom of movement, … through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (cleaned up). A seizure occurs "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that [he was] not free to leave." *Michigan v. Chesternut*, 486 U.S. 567, 572 (1988). For a defendant law enforcement officer's sexual conduct to constitute an unlawful seizure in the Fifth Circuit, the officer's intimidating sexual advances must be coupled with an attempt to prevent the plaintiff from leaving or terminating the encounter. *See Tyson v. Sabine*, 42 F.4th 508, 517 (5th Cir. 2022) (finding that an officer who made intimidating sexual advances toward a plaintiff in her home was not liable under the Fourth Amendment because the plaintiff did not argue that he ever told her she could not leave or otherwise attempt to physically prevent her from terminating the encounter).

In her complaint, Plaintiff states that:

> Defendant Rodriguez forcefully grabbed her from behind, pulled down her pants and began sexually assaulting her. Defendant unlawfully and forcefully held Plaintiff against her will and raped her until he pulled out and his semen fell onto the floor. The victim was roughly five feet tall, and Defendant Rodriguez is taller and heavyset. Rodriguez removed the victim from the cell without handcuffs and held her against a wall between the cells which he knew was a blind spot for the video surveillance cameras.

(Dkt. No. 2 at 2–3).

These factual allegations, which the Court takes as true, plausibly establish that Defendant Rodriguez used force against Plaintiff by forcefully grabbing her, sexually assaulting her, and holding her up against a wall. A reasonable person would not feel

free to leave the encounter given the jailor-inmate power dynamic and the disproportionate statures of Defendant Rodriguez and Plaintiff. The Court can draw the reasonable inference that Defendant Rodriguez used force to intentionally restrain Plaintiff and prevent her from terminating the encounter. Thus, Plaintiff's allegations are sufficient to plausibly establish that Defendant Rodriguez effected an unlawful seizure in violation of the Fourth Amendment when he sexually assaulted her.

Since the Court finds a sufficient basis in the pleadings for Plaintiff's Fourth Amendment cause of action, it need not address the merits of the claim sought in the alternative. However, because Plaintiff raised the substantive due process claim as a separate and distinct claim, the Court addresses it below.

### 2. 42 U.S.C. 1983 Violation of Bodily Integrity

Plaintiff alleges that she "enjoys the constitutionally protected Due Process rights guaranteed by the Fourteenth Amendment to be free from invasion of bodily integrity through sexual assault, abuse, or molestation." (Dkt. No. 2 at 9). She states that "[t]he acts by Defendants as alleged herein amount to a violation of these clearly established constitutionally protected rights, of which reasonable persons in the Defendants' positions should have known." (*Ibid.*).

To state a cause of action under 42 U.S.C. § 1983 for violation of the Due Process Clause, a plaintiff must first assert an established liberty or property interest within the purview of the Fourteenth Amendment, and that she was intentionally or recklessly deprived of the interest, even temporarily, under color of state law." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994) (citing *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990)). The right to be free from sexual abuse by persons wielding state authority is a liberty interest protected by the Fourteenth Amendment guarantee of due process. *See Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995); *see also Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1994), abrogated on other grounds by *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993). In the Fifth Circuit, it is well-established that physical sexual abuse by a state official violates a person's right to bodily integrity. *See Tyson*, 42 F.4th at 517 (citations omitted). "A violation of the right to bodily integrity follows from behavior of the governmental officer that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Ibid.*

(internal quotations and citations omitted). "[S]exual abuse by a state official cannot be justified by any legitimate governmental objective." *Id.* at 518.

Since Plaintiff has alleged sufficient facts, accepted as true, to establish that Defendant Rodriguez sexually assaulted Plaintiff, there is a sufficient basis in the pleadings for Plaintiff's Section 1983 violation of bodily integrity claim.

### 3. Negligent Infliction of Emotional Distress

Plaintiff also brings a negligent infliction emotional distress claim. (Dkt. No. 2 at 16). She states that "Defendants' conduct as described above was reckless and outside the bounds of civilized society." (*Id.* at 17). As a result of Defendant Rodriguez's conduct, Plaintiff states that:

> Plaintiff suffered and continues to suffer physical injury, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, has sustained and will continue to sustain loss of earnings and earning capacity; and has required and will continue to require treatment, therapy, counseling, and hospitalization to address the physical injury, mental anguish and despair which Defendants' conduct caused.

(*Ibid.*).

Negligent infliction of emotional distress is a state common law tort. *E.g.*, *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985). Texas does not recognize a standalone cause of action for negligent infliction of emotional distress. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993)). The Texas Supreme Court has declared that "there is no general duty not to negligently inflict emotional distress." *Boyles*, 855 S.W.2d at 597. As such, Texas does not recognize a distinct cause of action for negligent infliction of mental anguish; rather, "[m]ental anguish damages are recoverable when certain other legal duties are breached[,] and the plaintiff offers a minimum quality of proof." *SCT Tex. Funeral Servs., Inc., v. Nelson*, 540 S.W.3d 539, 544 (Tex. 2018); *see also Hirras v. Nat'l R.R. Passenger Corp.*, 44 F.3d 278, 280 n.3 (5th Cir. 1995) ("Texas does not recognize the tort of negligent infliction of emotional distress.").

Plaintiff's emotional distress may be relevant in a determination of damages. However, because a standalone negligent infliction of emotional distress claim is not

8

actionable under Texas tort law, there is no basis in the pleadings for default judgment as to this cause of action against Defendant Rodriguez.

### 4. Collusion

Next, Plaintiff alleges that "[t]he commission of the above-described acts, both undertaken by Defendant Rodriguez and known of by the Defendants Webb County, Webb County Sheriff's Office, and Sheriff Martin Cuellar, amount to collusion under state and federal law. Such acts legally amounted to a deceitful agreement or compact between two or more persons …." (Dkt. No. 2 at 18).

Collusion is "[a]n agreement to defraud another or to do or obtain something forbidden by law." *Collusion*, BLACK'S LAW DICTIONARY (11th ed. 2019). Collusion is typically a defense to divorce, or actionable as "tacit collusion" in the antitrust context. *Id.* Collusion is not a separate cause of action in Texas. *See Brown v. Tex. State Univ. Sys. Bd. of Regents*, No. A-13-CA-483-SS 2013 WL 6532025, at *16 (N.D. Tex. Dec. 12, 2013); *see also Evans v. Rare Coin Wholesalers, Inc.*, No. 2010 WL 11530312, at *4 n.2 (E.D. Tex. July 27, 2010). Nor is there a federal cause of action for collusion. Therefore, there is no basis in the pleadings for default judgment on a collusion claim against Defendant Rodriguez.

Even if the Court construes Plaintiff's collusion claim as a civil conspiracy cause of action, there is still not a sufficient basis in the pleadings for a default judgment on this claim as to Defendant Rodriguez.

An action for civil conspiracy has five elements: (1) two or more persons; (2) the persons seek to accomplish an object or course of action; (3) a meeting of the minds on the object or course of action; (4) one or more illegal, overt acts taken in pursuance of the object or course of action; and (5) damages occur as a proximate result. *See, e.g.*, *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). "Civil conspiracy is a 'derivative tort' contingent on defendant's participation in some underlying tort. To succeed on a conspiracy claim, a plaintiff must prove either 'that the defendants conspired to accomplish an unlawful purpose or used unlawful means to accomplish a lawful purpose.'" *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 693 (S.D. Tex. 2014) (quoting *BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d

9

884, 917 (S.D. Tex. 2012)).

Plaintiff does not plead sufficient facts to establish that Defendant Rodriguez colluded or conspired with Defendants Webb County and Sheriff Martin Cuellar to sexually assault Plaintiff. Therefore, because Plaintiff is not entitled to relief on either federal or state collusion causes of action, there is not a sufficient basis for default judgment on this claim.

### 5. Negligence Under Texas Law

Finally, Plaintiff brings a claim for negligence under Texas law. (Dkt. No. 2 at 19). Plaintiff states that the claim applies to all defendants but does not allege any facts regarding Defendant Rodriguez's negligence. (*See ibid.*).

In Texas, to prove a claim of negligence, a "plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). Whether a legal duty exists is therefore a threshold question; if there is no duty, there can be no liability. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).

Plaintiff alleges facts supporting claims based on Rodriguez's intentional sexual assault of Plaintiff, not that his conduct was negligent. Because there is no sufficient basis in the pleadings for a negligence cause of action against Defendant Rodriguez, a default judgment on this claim is improper.

## IV. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS, in part, and DENIES, in part,** Plaintiff's Motion for Default Judgment, (Dkt. No. 24). The Court **ENTERS** a default judgment against Defendant Hector Rodriguez on Plaintiff's Section 1983 claims for unreasonable seizure under the Fourth and Fourteenth Amendments of the Constitution and violation of bodily integrity under the Fourteenth Amendment's Due Process Clause. Plaintiff's negligent infliction of emotional distress, collusion, and negligence causes of action against Defendant Rodriguez are **DISMISSED WITHOUT PREJUDICE**. The Court defers a ruling on Plaintiff's damages against Defendant Rodriguez pending the resolution of the case as to the remaining Defendants.

IT IS SO **ORDERED**.

**SIGNED** on April 12, 2024.

_____
John A. Kazen
United States District Judge